### WILLIAM R. FRENCH v. HOMER WILKINSON.

*Vicious dog—Pleading—Evidence.*

Plaintiff was bitten on the leg by defendant's dog, and recovered a judgment for the injury sustained, which is reversed, because:

a—Testimony was admitted for the purpose of showing a permanent injury to the plaintiff, without laying any foundation in the declaration for such proof.

b—Plaintiff was permitted to exhibit to the jury the *then*

condition of his leg, more than three years after the injury and nine months after the expiration of the period of disability alleged, without introducing any testimony to show that no change for the worse had occurred.

*c*—The court permitted an inquiry to be made, on the cross-examination of the defendant, as to his disposition of his property pending the suit.

*d*—Plaintiff was allowed to show, on the cross-examination of a medical witness of the defendant (who had been called by the plaintiff, and had treated the injured leg for rheumatism, and who had testified that he did not think it probable that such an injury as described would produce the result he saw on plaintiff's knee), that dog bites were likely to entail serious and permanent injury, and cause hydrophobia; plaintiff not having been afflicted with that malady, and not claiming that he had suffered during the period named from any apprehension thereof.

Error to Ingham. (Person, J.) Argued October 6, 1892. Decided October 27, 1892.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Maynard & Shaull (Austin Blair,* of counsel), for appellant.

*Mark S. Wolcott (Grove H. Wolcott,* of counsel), for plaintiff.

McGRATH, C. J. The declaration in this case alleges that—

" Plaintiff was attacked by a certain dog then and there kept by the defendant, which said dog did, on the day aforesaid, bite the said plaintiff, and then and there greatly lacerate, hurt, and wound one of the legs of him, the said plaintiff; and thereby he, the said plaintiff, then and there became and was sick, sore, lame, and disordered, and so remained and continued for a long space of time, to wit, for the space of two years and seven months, then next following, during all which time he, the said plaintiff, thereby suffered and underwent great pain, and was

thereby and then hindered and prevented from performing and transacting his lawful affairs and business by him during that time to be performed and transacted."

Plaintiff was bitten upon the leg in November, 1887, and the trial was had in March, 1891. No permanent injury or disfigurement was alleged, and no damages claimed in the declaration except for the time fixed.

Several errors were committed upon the trial:

1. In admitting testimony for the purpose of showing a permanent injury.

2. In permitting plaintiff to exhibit the then condition of his limb,—three years and four months after the bite, and nine months after the time fixed by the declaration,— without any testimony tending to show no change for the worse.

3. In permitting plaintiff's counsel, upon cross-examination of defendant, to inquire into defendant's disposition of his property pending the suit.

4. In allowing plaintiff's counsel, upon cross-examination of defendant's witness, Dr. Woodworth (who had testified that he had been called by plaintiff in the spring of 1888, had treated his limb for rheumatism, and that he did not think it probable that such an injury as described would produce the result which he saw on the knee), to show that dog bites were likely to entail serious and permanent injury, and cause hydrophobia, and the poison to lie dormant for a long period. Plaintiff had not been afflicted with hydrophobia, and had not attempted to show that he had suffered during the period named from any apprehension of that malady.

The declaration, although inartistically drawn, sufficiently alleges the vicious character of the dog, his liability to bite persons, and the knowledge of defendant as to such disposition; hence, the other assignments will not be noticed in detail.

The court's instructions to the jury were without error.

The judgment is reversed, and a new trial ordered, with costs to defendant.

The other Justices concurred.